UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ARDELL SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>DIRECTOR SAN FRANCISCO GREYHOUND BUS DEPT. STATION; et al.,<br><br>    Defendants. | No. C 09-1851 MHP (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Kenneth Ardell Smith, a prisoner at the California Substance Abuse Treatment Facility in Corcoran, filed a pro se civil rights complaint. In his complaint, Smith alleges that a clerk at the Greyhound Bus Station in San Francisco overcharged him for a bus ticket on June 2, 1998. He alleges that he was "discrimenated against because of [his] color, sex and race." Complaint, p. 3. He requests $65 million in damages. His complaint is now before the court for review because he requests leave to proceed as a pauper.

## DISCUSSION

The court must dismiss an in forma pauperis action at any time if the court determines that the allegation of poverty is untrue, the action is frivolous or malicious, the action fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. See 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint fails to state a claim upon which relief may be granted. There are three specific problems with the complaint that make it necessary for plaintiff to file an amended complaint. First, the complaint attempts to allege a civil rights violation by a bus station clerk, but does so inadequately. Title 42 U.S.C. § 1981 prohibits racial discrimination through both state and private action. See Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989). Because of § 1981's historical roots in the Equal Protection Clause of the Fourteenth Amendment, it covers only acts involving intentional discrimination and does not extend to actions that merely have a disparate effect. See Doe v. Kamehameha Schools, 470 F.3d 827, 836 (9th Cir. 2006) (en banc); Evans, 869 F.2d at 1344 (claim under § 1981 does not require allegations of conspiracy, but does require showing of intentional discrimination on account of race). The complaint does not state a claim under § 1981 because it does not identify any intentional discrimination against the plaintiff. Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570. Leave to amend will be granted so that plaintiff can re-plead his claim and go beyond the mere conclusory allegation of race discrimination to include factual allegations that show more than mere speculation that he was subjected to intentional discrimination on account of his race.

Second, plaintiff has not properly identified two defendants. He identified two potential defendants as the cashier and the bus depot clerk at the Greyhound Bus Station. If he wants to include them as defendants in his amended complaint, he must identify them by their true names, not merely their job description. If plaintiff does not know the true name of each of the alleged wrongdoers, he may use Doe defendant designations, so that each person is separately identified as a Doe defendant, e.g., John Doe # 1, John Doe # 2 etc. He must amend to allege what each defendant (whether identified as a Doe defendant or by true name)

did or failed to do that caused a violation of his federally-protected rights. Plaintiff is cautioned that, although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Plaintiff must promptly take steps to discover the identities of the unnamed defendants and provide that information to the court in an amendment to his pleading. The burden remains on the plaintiff; the court will not undertake to investigate the names and addresses of unnamed defendants. Plaintiff will need to provide a true name and current address for each defendant to be served.

Third, the complaint appears to be time-barred as it concerns an incident that occurred eleven years ago. Like other civil rights claims, § 1981 claims are governed a statute of limitations. Here, that limitations period would be the 2-year limitations period governing personal injury actions in California. See generally Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1140 (9th Cir. 2000); but cf. Jones v. R.R. Donnelley & Sons Company, 541 U.S. 369, 376-77 (2004) (petitioners' employment related causes of action that arose under the Civil Rights Act of 1991 (amending § 1981) were not time barred by state's two year statute of limitations because the four year statute of limitations under 28 U.S.C. §1658 applied). Plaintiff's claims concern events that occurred eleven years before the complaint was filed and therefore appear to be time-barred. Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the case here: the defense appears complete and obvious from the face of the complaint. All of acts and omissions giving rise to the claims took place in June 1998 and the complaint has no explanation for the extraordinary delay in pursuing the legal remedy. Leave to amend will be granted so that Smith can attempt to allege facts showing why the claim is not time-barred.

**CONCLUSION**

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **October 30, 2009**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: September 15, 2009

_____
Marilyn Hall Patel
United States District Judge